IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAIRY FARMERS OF AMERICA, INC. and MEADOWLARK DAIRY NUTRITION LLC, )<br>)<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>FIKE CORPORATION, )<br>)<br>   Defendant. )<br>) | CIVIL ACTION<br><br>No. 24-2184-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #76) and Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #78), both filed June 11, 2025. For reasons stated below, the Court overrules plaintiffs' motions.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461–62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. See Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that

justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Plaintiffs seek leave to file under seal four exhibits to Plaintiffs' Memorandum In Opposition To Fike's Motion To Exclude the Opinion Testimony Of Zygmunt Staszewski (Doc. #75) and eight exhibits to Plaintiffs' Memorandum In Opposition To Fike's Motion For Summary Judgment (Doc. #77), both filed June 11, 2025.  In support of both motions to seal, plaintiffs state that they file their motions pursuant to the Protective Order (Doc. #23) filed September 24, 2024. The fact that a party designated the documents "confidential" under the protective order does not in itself provide sufficient reason to seal.  Carfusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010).  The protective order states that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal."  Protective Order (Doc. #23) at 6.  Further, the Court strictly construes the protective order "in favor of public disclosure and open proceedings wherever possible."  Id. at 3; see also Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing simply by showing records are subject to protective order).

On this record, plaintiffs have not met the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access).  Plaintiffs state that they seek "to maintain the confidentiality of the confidential information therein."  Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #76) at 1; Plaintiffs' Motion For Leave To File Certain Exhibits

Under Seal (Doc. #78).   Such a statement is utterly insufficient to explain why disclosure of such information would be harmful or how limited redaction would be insufficient to protect any real and substantial privacy interests.   Accordingly, the Court overrules plaintiffs' motions to file documents under seal.   See United States v. Carter, No. 12-20066-38-KHV, 2020 WL 4673213, at *1 (D. Kan. Aug. 12, 2020) ("The Court's constitutional duties do not include asserting arguments for sealing records or ferreting out authorities and identifying factors which are necessary for it to conduct the nuanced balancing of the public's right of access against defendant's interest in non-disclosure.").

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #76) filed June 11, 2025 is **OVERRULED**.   **The Court directs the Clerk to unseal all provisionally sealed exhibits attached to Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #76) filed June 11, 2025.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #78) filed June 11, 2025 is **OVERRULED**.   **The Court directs the Clerk to unseal all provisionally sealed exhibits attached to Plaintiffs' Motion For Leave To File Certain Exhibits Under Seal (Doc. #78) filed June 11, 2025.**

Dated this 12th day of June, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge